**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| S&L Cartage, Inc. | ) | |
| c/o David P. Leibowitz Trustee | ) | Case No. 24-04739 |
| | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| | ) | |
| | ) | |
| | ) | |

**NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO DEBTOR'S
INSURANCE**

On August 12, 2024, at 9:30 am, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge A. Benjamin Goldgar, or any judge sitting in his stead, in Room 642 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, either in person or via Zoom and present the following motion:

**MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO DEBTOR'S INSURANCE**

a copy of which is attached hereto and herewith served upon you.

Zoom Information: Meeting ID: 161 500 0972, Passcode: 726993.(Only parties and their attorneys may appear for a motion call remotely using Zoom. The public may not. Members of the public who want to observe must do so in person in the courtroom.)

| | |
|---|---|
| **WHITING LAW GROUP, LTD.** | **/s/ Timothy M. Whiting** |
| Timothy M. Whiting | *One of the Attorneys for Plaintiffs* |
| 901. W. Jackson Blvd., Suite 400 | |
| Chicago, IL 60607 | |
| T: (312) 372-1655 | |
| E: eservice@whitinglawgroup.com | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 5, 2024 the clerk of the court for the U.S. Bankruptcy Court Northern District of Illinois, Eastern Division using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means:

David P Leibowitz, ESQ
**LEIBOWITZ, HILTZ & ZANZIG, LLC**
53 W. Jackson Blvd
Suite 1301
Chicago, IL 60604-3552
312-566-9008
Fax : 872-266-0021
Email: dleibowitz@lodpl.com

*/s/ Timothy Whiting*
Timothy Whiting

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| S&L Cartage, Inc. | ) | |
| c/o David P. Leibowitz Trustee | ) | Case No. 24-04739 |
| | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| | ) | |
| | ) | |
| | ) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO DEBTOR'S INSURANCE

Now comes Thomas Hartman, individually; Kristy Michaud-Hartman, individually; J.H., a minor, individually by and through his guardian ad litem, Kristy Michaud-Hartman; E.H., a minor, individually by and through her guardian ad litem, Kristy Michaud-Hartman; and R.H., a minor, individually by and through his guardian ad litem, Kristy Michaud-Hartman (collectively referred to as "Claimants"), by their attorneys, Whiting Law Group, Ltd. and Nordstrand Black PC and pursuant to 11 U.S.C. § 362, hereby moves the above entitled court for an Order relieving Claimants from the automatic stay as it relates to Debtor, S&L Cartage, Inc. a (hereinafter, "Debtor") to permit Claimants to pursue their personal injury claims against the Debtor. Claimants submit that, if successful, they will only attempt to satisfy their claims against the Debtor through the Debtor's insurance company(s) and subject to the pending declaratory judgment action. If Claimants are permitted to pursue recovery in Case No. 21-cv-1409, they will not file a claim in this proceeding or otherwise pursue Debtor other assets.

This court has jurisdiction over this matter under 28 U.S.C. §§1334(b) and §157(a) and §362(d) of Title 11. On information and belief, this matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

1

Pursuant to 11 U.S.C. §362, upon commencement of the instant bankruptcy case, Claimants are stayed from continuing to pursue their civil personal injury action against Debtor.

## BACKGROUND

On January 19, 2023, Claimants filed their Second Amended Complaint ("SAC") against S&L Cartage, Inc. (S&L Cartage"), LG Express Group, Inc. ("LG Express") and ILG International Logistics Group, Inc. ("ILG International")[1] in the United States District Court for the Northern District of Illinois which is currently pending as Cause No. 21-cv-1409.[2] Exhibit A. The Claimants' suit stems from devastating and life altering personal injuries they sustained in a motor vehicle accident with a semi-tractor and trailer on July 27, 2019. On April 1, 2024, S&L Cartage filed a Voluntary Petition for Chapter 7 Bankruptcy in the Northern District of Illinois, Eastern Division as case number 24-04739. On April 1, 2024, LG Express filed a Voluntary Petition for Chapter 7 Bankruptcy in the Northern District of Illinois, Eastern Division as case number 24-04741. On July 8, 2024, ILG International filed a Voluntary Petition for Chapter 7 Bankruptcy in the Northern District of Illinois, Eastern Division as case number 24-09884. For the court's further background, Samir Jakupovic ("Jakupovic"), one of the principals of S&L Cartage, LG Express and ILG International has also filed a Chapter 7 Petition, but Claimants are not asking for relief relative to Jakupovic as no claim has been brought against him individually in the main action brought by Claimants and he is not the subject of any crossclaims.

This motion is brought pursuant to 11 U.S.C. 362(d)(1) and (2) on the grounds that there is ample cause to permit the Claimants' concurrently pending personal injury action to proceed

---

[1] Claimants voluntarily dismissed ILG International but prior to the dismissal, Western Express, Inc. filed a crossclaim against S&L Cartage, LG Express and ILG International. The crossclaim against ILG's remains pending. The crossclaim will not affect this motion which is directed at only LG Express.
[2] On information and belief, Debtor is being defended by counsel at no expense to the Debtor or this estate.

against S&L Cartage as to its insurance coverage only.[3] As discussed below, Claimants seek an order from this Court for relief from the automatic stay involving Debtor S&L Cartage so that Claimants may pursue their personal injury claims against the Debtor for the limited purpose of obtaining any applicable insurance coverage[4] for the accident giving rise to the Claimants' personal injury suit. Claimants will suffer great hardship if the automatic stay remains in place as they have no other means of recovery against the Debtor. Claimants do not seek recovery against the Debtor outside of the Debtor's insurance policies, nor do Claimants seek recovery from the Debtor beyond any applicable policy limits. Therefore, based on the authority set forth below, the Claimants respectfully request that this Court grant their motion for relief from the automatic stay for this limited purpose. In support of this Motion, the Claimants respectfully state as follows:

## I.    BASIS FOR RELIEF

This Motion is brought pursuant to 11 U.S.C § 362, which provides the statutory mechanism for the Claimants' requested relief.  11 U.S.C § 362(d)(1) and (2) states, in pertinent part, as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> > > (A) the debtor does not have an equity in such property; and
>
> > > (B) such property is not necessary to an effective reorganization

---

[3] The General Conditions of the policy of insurance specifically provide that bankruptcy or insolvency of the insured will not relieve the insurers of its [their] contractual obligations.
[4] Claimants are aware that National Specialty Insurance Company issued its policy numbered TWP20002503 to S&L Cartage.  Claimants are unaware of any insurance coverage issues relative to the National Specialty Policy.

11 U.S.C. §§ 362(d)(1), (2).

In any proceeding under Section 362, the burden of establishing that the debtor lacks equity in the property falls on the movant. 11 U.S.C. § 362(g)(2). On all other issues, the party opposing the relief bears the burden. 11 U.S.C. § 362(g)(1). "While ... Congress intended that the automatic stay have broad application, the legislative history to [Section 362] clearly indicates that Congress recognized that the stay should be lifted in appropriate circumstances*." Holtkamp v. Littlefield*, 669 F.2d 505, 508 (7th Cir. 1982). That legislative history states, in pertinent part, that: "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere. *Id.* at 508, citing H.R. Rep. No. 595, 95th Cong., 1st Sess., 341 (1977). In addition, as the court stated in *Matthews v. Rosene*, 739 F.2d 249, 251 (7th Cir. 1984) "[s]uspension of [the automatic stay] may be consonant with the purposes of the Bankruptcy Act when equitable considerations weigh heavily in favor of the creditor and the debtor bears some responsibility for creating the problems."

## A.  SECTION 362(a) REQUIRES RELIEF FOR CAUSE

"Though § 362(a) provides for a nearly comprehensive stay of proceedings against the debtor, § 362(d) requires the bankruptcy judge to grant relief from the stay . . . for cause. Cause as used in § 362(d) has no clear definition and is determined on a case-by-case basis." *Matter of Fernstrom Storage & Van Co*., 938 F.2d 731 (7th Cir. 1991) (internal quotations omitted), citing *In re Tucson Estates*, 912 F.2d 1162, 1166 (9th Cir. 1990).

*Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731 (7th Cir. 1991) adopted a three-factor test for determining whether "cause" exists, asking whether:

a) Any great prejudice to either the bankrupt estate or the debtor will result from

continuation of the civil suit;

b) the hardship to the [non-bankrupt party] by maintenance of the stay considerably

outweighs the hardship of the debtor, and

c) the creditor has a probability of prevailing on the merits.

*Id.* at 735.

Applying the above test, the court in *Fernstrom* rejected the debtor's argument that the proceeds of its insurance policies were property of the bankruptcy estate, finding that case law suggests that suspending a stay is appropriate where all the plaintiff seeks is a declaration of liability with no monetary consequences for the debtor, as opposed to its insurer. *Id., see also Foust v. Munson S.S. Lines*, 299 U.S. 77, 87, 57 S.Ct. 90, 95, 81 L.Ed. 49 (1936) [allowing wrongful death action against bankrupt defendant to proceed despite stay; plaintiff "entitled to maintain an action against the insurer for the amount of his judgment but not exceeding the amount of insurer's liability to the debtor under the policy."]. The *Fernstrom* court reasoned that the debtor-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors. Id., citing *Matter of Holtkamp*, 669 F.2d 505 (7th Cir. 1982) [Bankruptcy court's lifting of automatic stay which allowed civil action for damages for personal injuries against debtor to go forward was proper where civil action did not jeopardize debtor's bankrupt estate because his insurer assumed full financial responsibility for defending that litigation; interest of judicial economy militated in favor of permitting suit to go forward; determination of personal injury action did not require expertise of bankruptcy court, and the bankruptcy court's order expressly prohibited enforcing judgment against bankrupt estate.]

**B.  SECTION 362(d)(2) REQUIRES RELIEF FOR CAUSE**

Section 362(d)(2), on the other hand, directs the court to grant relief from stay if both of its criteria—that the debtor does not have an equity interest in the subject property and that such property is not necessary to an effective reorganization—are met. In a Chapter 7 case such as this one, there is no prospect of reorganization. *In re Vitreous Steel Products Co*., 911 F.2d 1223, 1232 (7th Cir. 1990) ["Because this is a liquidation under Chapter 7, there will be no reorganization. The only question faced by the bankruptcy court, then, was whether the debtor had equity in the property."].

In this case, because the Debtor has filed for Chapter 7, equity is the sole matter for the court's determination under section 362(d)(2). The Seventh Circuit has repeatedly "held that neither the failure to file a proof of claim nor the automatic stay of section 362(a) precludes an action against a debtor to obtain recovery from the debtor's insurer." *In re Shondel*, 950 F.2d 1301, 1307 (7th Cir. 1991) (citing *Fernstrom*, 938 F.2d at 734 (quoting *In re Walker*, 927 F.2d 1138, 1142 (10th Cir. 1991).  Relative to S&L Cartage, Claimants are seeking recovery from National Specialty Insurance Company.  As the court in *Shondel* explained, "[a] bankruptcy discharge and the accompanying injunction against subsequent actions are intended to give the debtor an economic "fresh start" in life. *Matter of Shondel*, 950 F.2d 1301 (7th Cir. 1991), citing *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970); Thomas H. Jackson, The Fresh–Start Policy in Bankruptcy Law, 98 Harv.L.Rev. 1393, 1396–97 (1985). But as the court in *Shondel* explained, the "fresh- start" policy "is not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured." *Matter of Shondel,*

950 F.2d at 1308.  Applying the *Fernstrom* factors discussed above to this case, the Claimants are entitled to the relief requested and the automatic stay should be lifted.

### 1. <u>LACK OF PREJUDICE AGAINST THE DEBTOR</u>

The Claimants' motion should be granted because S&L Cartage  will not suffer any prejudice if the stay is lifted. The Claimants are seeking to pursue recovery for their personal injury claims only through the Debtor's insurance companies.  Claimants are not seeking any relief against the Debtor "personally". The purpose of the automatic stay is "to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor." *In re Pleasant*, 320 B.R. 889 (Bankr. N.D. Ill. 2004), citing *In re Rexene Prod. Co.,* 141 B.R. 574, 576 (Bankr.D.Del.1992). The automatic stay preserves what remains of the debtor's estate and "provide[s] a systematic equitable liquidation procedure for all creditors, secured as well as unsecured, ... thereby preventing a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." Id., citing *Holtkamp v. Littlefield (In re Holtkamp),* 669 F.2d 505, 508 (7th Cir.1982) (citation omitted). Here, on information and belief, only Claimants are entitled to the proceeds of the applicable insurance policies of the Debtor.

In this case, allowing the Claimants to pursue insurance proceeds that specifically insure and indemnify the Debtor will not result in a "chaotic or uncontrolled scramble" for the assets of the estate.  As noted above, the Claimants are only seeking compensation for the injuries they suffered in the motor vehicle crash through any and all of the Debtor's applicable insurance policies and subject to their limitations, if any. Claimants are not attempting to collect on any other

unrelated claims, nor are they attempting to gain any advantage over the Debtors' other creditors. Moreover, the Debtor's liability insurance company(s) have a duty to defend and pay Claimants claims as a result of an automobile collision pursuant to an insurance contract, regardless of the solvency of the Debtor. Claimants waive any deficiency against the Debtor themselves and the Debtor's estates while reserving all of their rights and remedies against Debtor's insurance company(s), if any.

In sum, because the Debtor will not be prejudiced if the Claimants are permitted to pursue their injury claims against the Debtor's liability insurance companies, and because Claimants pursuit of the Debtor's insurance proceeds is "neither connected with nor interfering with the bankruptcy proceeding" (See *Holtkamp*, 669 F.2d at 508), the Claimants' motion should be granted and the stay lifted.

## 2.  <u>LIKELIHOOD OF PREJUDICE TO CLAMANTS</u>

Claimants will endure tangible and significant hardships if the automatic stay is not lifted. Minor claimant JH suffered a traumatic brain injury due to the crash and has significant urgent current and future medical, educational, and psychological needs. All other Claimants also suffered significant injuries and need medical and psychological care and treatment. Given the bankruptcy filings, it is virtually impossible that the Claimants will have any other method of recovery against the Debtor for the horrific injuries they sustained in the motor vehicle accident unless the stay is lifted and the Claimants are allowed to pursue recovery through the Debtor's insurance policies. The hardships the Claimants would endure by not being able to pursue the Debtor's insurance policies are enormous compared to any inconvenience or theoretical prejudice the Debtor might suffer by lifting the automatic stay.

### 3.  PROBABILITY OF SUCCESS ON THE MERITS

The third and final factor in the *Fernstrom* analysis is whether "the creditor has a probability of prevailing on the merits." *In re D/C Distribution, LLC*, 617 B.R. 600 (Bankr. N.D. Ill. 2020), citing *Fernstrom*, 938 F.2d at 735. The requisite showing needed for a probability of prevailing is very slight. *Id.* Arguably, such a consideration goes beyond the summary nature of a stay relief proceeding. *Id.*, citing *Vitreous Steel*, 911 F.2d at 1232 ["[T]he issues considered at a [Section 362] hearing are limited strictly to adequacy of protection, equity, and necessity to an effective reorganization."]. In *Fernstrom*, the Seventh Circuit found this factor satisfied where the contemplated action was "not frivolous." *Fernstrom*, 938 F.2d at 736.

In this case, the Court can certainly conclude from the face of the Claimants' SAC (Exhibit A), that the underlying claims stemming from the Claimants' accident with a semi tractor-trailer are, at the very least, "not frivolous" and that the Claimants have colorable claims for which they are plausibly entitled to relief. At this stage of the pleadings, S&L Cartage has filed a answer and affirmative defenses to the SAC which remains pending. Thus, pursuant to *Fernstrom*, the final factor also weigh heavily in favor of granting the Claimants' requested relief.

## II.    CONCLUSION

WHEREFORE, Claimants respectfully request that this Honorable Court issue an Order modifying the automatic stay for the limited purpose of allowing the Claimants to establish the Debtor's liability for Claimants' personal injury claims with the provision that the Claimants will seek recovery solely from and through any applicable insurance company(s) that defend and indemnify the Debtor and subject to the outcome of the pending declaratory judgment action and that the Claimants will not seek to enforce any judgment or recovery against the Debtor, the

Debtor's property, or the property of the bankruptcy estate. Furthermore, no cause exists to delay the enforcement of the relief requested and therefore, Bankruptcy Rule 4001(a)(3) should be waived.

Dated: August 5, 2024

Respectfully Submitted:

*/s/ Timothy M. Whiting*
WHITING LAW GROUP, LTD.
Timothy M. Whiting One of the Attorneys for Plaintiffs
901. W. Jackson Blvd., Suite 400
Chicago, IL 60607
T: (312) 372-1655
E: eservice@whitinglawgroup.com